IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARNELL SLAUGHTER, #820164, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:07-CV-0416-L |
| | ) | ECF |
| VA MEDICAL CENTER POLICE, | ) | |
| et al., | ) | |
|     Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights action brought by a state inmate.[1]

Parties: Plaintiff is presently incarcerated at the Sanchez Unit of the Texas Department of Criminal Justice in El Paso, Texas.

Defendants are the VA Medical Center Police, Captain Robert Davis, and Captain Alan L. Nagid.

The Court did not issue process in this case, pending preliminary screening. On March 23, 2007, the Magistrate Judge issued a questionnaire to Plaintiff who filed his answers thereto

---

[1] Although Plaintiff filed this action under 42 U.S.C. § 1983, *see* civil rights complaint form at 1 (Docket #1), he is seeking to sue federal officials. As a result, his complaint is construed as a *Bivens* action. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

on April 12, 2007.

Statement of Case: Plaintiff alleges that on May 21, 2005, VA Medical Center police officers arrested him on the basis of five false charges -- making "terroristic threats," evading arrest and/or detention, stalking, and making threatening calls to Jacqueline Ross. A criminal search on the Dallas County website reflects that Plaintiff was, thereafter, indicted by a grand jury for stalking in No. F05-83549, stemming from his May 21, 2005 arrest. (*See* Attachments). Plaintiff was also charged with evading arrest in No. MB05-83546, and criminal mischief in No. MB05-72758. (*Id.*). Plaintiff pled guilty in all three cases, and was sentenced to 16 months imprisonment in the felony stalking case, and 75 and 180 days confinement in the two misdemeanor cases. He seeks monetary relief for his false arrest and for a knee injury sustained at the time of his arrest.

Findings and Conclusions: The Court permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A provides in pertinent part that:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B).

Sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

2

Plaintiff's false arrest claims lack an arguable basis in law. To prevail on a false arrest claim, the arrestee must show that the officer did not have probable cause to arrest him. *Haggerty v. Texas Southern University*, 391 F.3d 653, 655-56 (5th Cir. 2004). Under Fifth Circuit case law, a court appearance breaks the chain of causation for an allegedly false arrest. *See Taylor v. Gregg,* 36 F.3d 453, 456 (5th Cir. 1994) (holding that if the factual basis for an arrest is placed before an independent intermediary such as a grand jury, the grand jury's decision in returning an indictment breaks the chain of causation for an action predicated on false arrest, thereby insulating the arresting officer from a false arrest suit); *see also Wallace v. Cato*, ___ U.S. ___, 127 S. Ct. 1091, 1095-1100 (2007) (holding that limitations period for unlawful arrest claim began to run at time arrestee appeared before examining magistrate and was bound over for trial).

Plaintiff appeared before a magistrate following his arrest in all three cases. (*See* Attachments). He was also indicted by a grand jury for stalking on June 13, 2005, in No. F05-83549. It is undisputed that the court appearances before a state magistrate and subsequent indictment broke the chain of causation between the allegedly false arrest and the criminal charges on which he was subsequently convicted. Plaintiff's false arrest claims are further foreclosed by the fact that he pled guilty to the three criminal charges stemming from his arrest. *See Scott v. Teter*, 2002 WL 31441227, at *3 (N.D.Tex., Dallas Div., Oct 29, 2002) (No. 3:02cv1068-M) (Findings and Conclusions of the Magistrate Judge, accepted by the District Court) (holding that action for false arrest was foreclosed by the fact that Plaintiff has been found guilty on the charge which stemmed from his arrest).

Plaintiff also sues Officer Nagid for an alleged knee injury sustained at the time of his

3

arrest. A *Bivens* claim against Nagid in his individual capacity is cognizable only if it can be proven that Plaintiff sustained an "injury which resulted directly and only from a use of force that was clearly excessive, and the excessiveness of which was clearly unreasonable." *Freeman v. Gore* 483 F.3d 404, 416 (5th Cir. 2007); *Ikerd v. Blair*, 101 F.3d 430, 433-34 (5th Cir. 1996). "[T]he plaintiff's asserted injury must be more than *de minimis*." *See Freeman*, 483 F.3d at 416-17; *Williams v. Bramer,* 180 F.3d 699, 703-04 (5th Cir.1999); *Ikerd*, 101 F.3d at 434-35. Negligent conduct in and of itself is not actionable under § 1983. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *see also Marsh v. Jones*, 53 F.3d 707, 712 (5th Cir. 1995).

In the present case, Plaintiff concedes that he resisted Nagid's effort to effect his arrest. (*See* Complaint at ¶ V Statement of Claim, and Plaintiff's summary at p. 6 of his answers to magistrate judge's questionnaire). Moreover, no medical attention was required for his knee injury, thus it was *de minimis* at best. (*See* answer to Question 7 of the magistrate judge's questionnaire). Also it is clear that Plaintiff pleaded guilty to evading arrest. Therefore, his own admissions and his criminal conviction render his excessive use of force claim frivolous.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's complaint be DISMISSED with prejudice as frivolous.  *See* 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 9th day of August, 2007.

/s/ Wm. F. Sanderson, Jr.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

**ATTACHMENTS**