IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DARNELL SLAUGHTER, #820164**, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:07-CV-0416-L** |
| | § | |
| **VA MEDICAL CENTER POLICE, et al.**, | § | |
| | § | |
| Defendants. | § | |

# ORDER

Before the court are the Findings, Conclusions and Recommendation of the United States Magistrate Judge, entered August 9, 2007. Plaintiff filed objections to the findings and conclusions on August 23, 2007.

The court construes this case as a pro se *Bivens* action against the VA Medical Center Police and two officers.[*] Plaintiff complains of false arrest and excessive force. Before the court are Plaintiff's Complaint and his responses to the magistrate judge's questionnaire.

The magistrate judge recommended that the court dismiss Plaintiff's complaint as frivolous pursuant to 28 USC § 1915A(b)(1) and 28 USC § 1915(e)(2)(B)(i). According to the magistrate judge, Plaintiff's false arrest claims lack an arguable basis in law because he appeared before a magistrate judge, was indicted, and pleaded guilty to criminal charges stemming from his arrest on May 21, 2005. The magistrate judge found that Plaintiff's excessive force claim was frivolous because he admits that he resisted arrest and because Plaintiff did not require medical attention for his alleged injury.

---

[*]Although Plaintiff filed this action under 42 USC § 1983, he is seeking to sue federal officials, and thus the court construes it as a case brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

**Order – Page 1**

Plaintiff objects to the magistrate judge's findings regarding his false arrest claim only. He argues that he has never been convicted of stalking, and that his plea to a lesser offense was coerced. Plaintiff also argues that his constitutional rights have been violated because he has been subject to double jeopardy by being convicted by two law enforcement agencies for the same conduct. This civil action, however, is not the proper forum for Plaintiff to contest his plea and his criminal convictions. His objections to his convictions, however, do not provide support for his civil claim of false arrest. Because the facts underlying Plaintiff's arrest were put before a magistrate judge, and because he was indicted for stalking, his false arrest claim lacks an arguable basis in law. *Taylor v. Gregg*, 36 F.3d 453, 456-57 (5th Cir. 1994). Accordingly, the court **overrules** Plaintiff's objections, **accepts** the magistrate judge's findings with respect to the false arrest claim, and **dismisses** Plaintiff's false arrest claim **with prejudice**.

The court, however, **rejects** the magistrate judge's findings as to Plaintiff's excessive force claim. Plaintiff pleaded that he was subject to a knee injury that he alleges is the result of excessive force: "While subdued, on the floor and handcuffed, another officer blatantly dived onto my legs causing unnecessary pain and using excessive force that cause[d] me a knee injury." Compl. Attachment § V. In response to the magistrate judge's questionnaire, Plaintiff did state that there was "no medical provided" for his alleged knee injury. Questionnaire 5 (Question No. 7). The court determines that there is not sufficient information or facts pleaded regarding Plaintiff's alleged knee injury to determine whether it is only a *de minimis* injury. That Plaintiff did not seek medical treatment is not necessarily determinative of whether his injury was *de minimis*. Accordingly, the court **recommits** this case to the magistrate judge to determine whether Plaintiff's excessive force claim is frivolous.

**It is so ordered** this 22nd day of October, 2007.

                                                Sam A. Lindsay
                                                United States District Judge