IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DARNELL SLAUGHTER, #820164,            )
       Plaintiff,                                      )
                                                                )
v.                                                               )       3:07-CV-0416-L
                                                                )       ECF
VA MEDICAL CENTER POLICE,          )
et al.,                                                        )
       Defendants.                                  )

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court filed on June 6, 2008, this case has been referred to the United States Magistrate Judge for pre-trial management. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights action brought by a state inmate pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999 (1971).

Parties: Plaintiff is presently incarcerated at the Le Blanc Unit of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID) in Beaumont, Texas. Defendants are the VA Medical Center Police, Captain Robert Davis, Captain Alan L. Nagid, and a John Doe VA Medical Center Police Officer. The court issued process in this case.

Statement of Case: On October 22, 2007, the District Court accepted the findings, conclusions and recommendation of the magistrate judge and dismissed Plaintiff's false arrest claim with prejudice. The Court then recommitted Plaintiff's excessive use of force claim to the

magistrate judge, who in turn issued process.

On June 4, 2008, Defendants filed a motion to dismiss for lack of subject matter jurisdiction, for failure to state a claim, and insufficiency of service of process. Plaintiff filed a response on July 24, 2008, and a supplemental response on September 22, 2008.

Defendants' advisory to the court dated September 5, 2008, informs that those defendants who initially sought dismissal because of insufficiency of service of process no longer seek dismissal on that basis.[1]

Findings and Conclusions: Defendants move to dismiss under Rule 12(b)(1) arguing the court lacks subject matter jurisdiction over Plaintiff's action against the VA Medical Center Police. It is well established that a federal agency is immune from an action predicated on *Bivens*. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 486, 114 S.Ct. 996, 1006 (1994). Plaintiff has not identified any explicit waiver of immunity by the VA Medical Center. Absent a waiver of sovereign immunity, the court must dismiss Plaintiff's *Bivens* claims against the VA Medical Center Police for lack of jurisdiction. *Meyer,* 510 U.S. at 483-86, 114 S.Ct. at 1005-06 (holding that "[s]overeign immunity is jurisdictional in nature", and that *Bivens* cause of action cannot be brought against federal agency); *Govea v. ATF*, 207 Fed.Appx. 369, 2006 WL 3147324 (5th Cir. 2006) (unpublished per curiam) (same).

Defendants seek to dismiss Plaintiff's remaining claims for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim upon which relief may be granted

---

[1] Plaintiff seeks to amend the complaint to allege a claim against Defendants' counsel, U.S. Attorney James B. Roper and Assistant U.S. Attorney James P. Lawrence, for due process violations and malpractice in the course of litigating this case. (*See* Plaintiff's Aug. 11, 2008 pleading at 2-3). Plaintiff's request is patently frivolous and should be denied.

when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957). In *Bell Atlantic Corp. v. Twombly,* ___ U.S. ___, 127 S. Ct. 1955, 1974 (2007)*,* the Supreme Court made clear that the *Conley* rule is not "the minimum standard of adequate pleading to govern a complaint's survival." 127 S. Ct. at 1968-69; *see also In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 1231 (2008). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 127 S. Ct. at 1974. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (quotation marks, citations, and footnote omitted).

Since Plaintiff is proceeding *pro se,* the court must construe the allegations in his complaint liberally. *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S. Ct. 173 (1980) (per curiam); *Sec. & Exch. Comm'n v. AMX, Int'l, Inc.,* 7 F.3d 71, 75 (5th Cir. 1993) (per curiam).

Defendants contend that Plaintiff has failed to state a claim against the non-participating officers, Captains Nagid and Davis.

An individual cannot be held liable in a *Bivens* action unless he was personally involved or participated in the alleged unconstitutional actions. *Guerrero-Aguilar v. Ruano*, 118 Fed.Appx. 832, 833 (5th Cir. 2004) (unpublished per curiam) (*Bivens* provides a cause of action against federal agents only in their individual capacities and requires a showing of personal involvement). Nor can an individual be held liable in a *Bivens* action pursuant to a theory of respondeat superior. *Cronn v. Buffington*, 150 F.3d 538, 545 (5th Cir. 1998) ("There is no

3

doctrine of respondeat superior in *Bivens* actions, and thus supervisory federal officials may be held liable only upon two bases: personal involvement in the acts causing the deprivation of a person's constitutional rights, or implementation of a policy so deficient that the policy itself acts as a deprivation of constitutional rights.").

Plaintiff has failed to allege any facts that indicate personal involvement or acquiesce in the alleged constitutional deprivation (i.e., the excessive use of force) on the part of Captains Davis and Nagid. In his complaint and answers to the supplemental questionnaire, Plaintiff concedes that the John Doe officer was the only individual responsible for the alleged use of force at the time of his arrest. (*See* Complaint at attachment to ¶ V, and Answer to Supplemental Questions 6-8). Nor does the complaint or the answers to the magistrate judge's questionnaire reveal the existence of a policy, which was so deficient that it alone acted as a deprivation of constitutional rights. *Cronn*, 150 F.3d at 544-45. Because neither predicate for liability is satisfied, the court should grant Defendants' motion to dismiss Captains Davis and Nagid.

Next Defendants seek to dismiss the John Doe Officer for failure to state a claim. They assert that it is too late for Plaintiff to substitute a named defendant for a John Doe since the statute of limitations elapsed over three years ago. Defendants correctly note that the two-year statute of limitations applies in *Bivens* cases. *See Pena v. United States*, 157 F.3d 984, 987 (5th Cir.1998). The events at issue occurred on May 21, 2005, and Plaintiff filed his complaint on March 2, 2007, two and one-half months before the limitations period expired. Plaintiff, however, remains unable to identify the John Doe officer who allegedly used excessive force at the time of his arrest.

In response to the motion to dismiss, Plaintiff alleges that Defendants rely on a

"technicality" in seeking dismissal of his case. (Plaintiff's Suppl. Response, filed Sept. 22, 2008, at 2). He further alleges that Defendants are withholding the identify of their co-worker who committed the unlawful use of force. (*Id.*; Plaintiff's Response at ¶ IV of "Motion to Appeal Order to Dismiss.").

Plaintiff overlooks that he filed his complaint with only two and one-half months remaining on the statute of limitations. He cannot now complain that it is the Defendants' fault that he was unable to identify the John Doe officer before the limitations period elapsed. The record reflects that from March until December 2007, Plaintiff's complaint was undergoing screening. On December 12, 2007, the court ordered the issuance of summons, which the U.S. Marshal ultimately served in February 2008. Therefore, it is clear that the Defendants could not have known about this case before the two-year limitations period elapsed.

At this point in the proceedings, plaintiff will have to seek leave from the Court to amend his complaint and name the individual officer as defendant. Fed. R. Civ. P. 15. Because over three years have passed since the alleged use of force occurred, the amendment must relate back to the original filing date, or the claims against the individual will be time barred. *See* Rule 15(c); *see also Jacobsen v. Osborne, et al.,* 133 F.3d 315 (5th Cir. 1998). Defendants correctly note that under Rule 15(c) an amendment naming a new party will relate back only if plaintiff's failure to name them in the original complaint was due to a mistake. *Jacobsen,* 133 F.3d at 321. The Fifth Circuit has held that, "for a 'John Doe' defendant, there [i]s no 'mistake' in identifying the correct defendant; rather, the problem [i]s not being able to identify that defendant." *Id.* Any attempt by plaintiff to amend his complaint by replacing the John Doe defendants with a named individual officer will be futile because Rule 15(c) will not allow relation back, and all future §

1983 claims he might assert against this individuals will be time barred.  *See id.* at 321-22.

Therefore, Defendants' motion to dismiss the John Doe Defendants should be granted.

Throughout the responses to the motion to dismiss, Plaintiff reiterates that the focus of this lawsuit was the unlawful arrest.  On October 22, 2007, the District Court accepted the magistrate judge's recommendation and dismissed Plaintiff's false arrest claim with prejudice.  Such a dismissal cannot be re-examined at this time.  Plaintiff will have an opportunity to appeal after the court enters a final judgment in this case.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Defendants' motion to dismiss be GRANTED and that Plaintiff's complaint be DISMISSED with prejudice.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 30th day of October, 2008.

*/s/ Wm. F. Sanderson, Jr.*
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.